UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD ALLEN CLACK III,<br>    *Plaintiff*,<br><br>    *v.*<br><br>MICHAEL TORRE in his individual and official capacities; MARK O'CONNOR; SANDRA BROOKS; FRANCIS D'ORAZIO; GUILFORD POLICE DEPARTMENT; NEW HAVEN SUPERIOR COURT; WHALLEY JAIL; NEW HAVEN COUNTY; STATE OF CONNECTICUT,<br>    *Defendants.* | Civil No. 3:10cv1905 (JBA)<br><br><br>August 30, 2012 |

RULING ON DEFENDANT MICHAEL TORRE'S MOTION TO DISMISS

Plaintiff Edward A. Clack III, proceeding *pro se* and *in forma pauperis*, brought this action on December 3, 2010. In his amended complaint dated October 12, 2011 (the "October 12 Complaint" [Doc. # 69]), Plaintiff asserts various claims against Defendants Detective Michael Torre, Detective Mark O'Connor, Detective Sandra Brooks, and the Guilford Police Department.[1]

---

[1] The October 12 Complaint also names Frances D'Orazio, New Haven County Superior Court, Whalley Jail, New Haven County, and the State of Connecticut as Defendants (Oct. 12 Compl. at 1), but a review of the docket entries in this matter reveals that none of these named Defendants have been served and no request for additional time beyond the requirements of Fed. R. Civ. Proc. 4(m) has been made. (*See* D'Orazio USM-285 Process Receipt and Return [Doc. # 24]; State of Connecticut USM-285 Process Receipt and Return [Doc. # 17]; New Haven County Superior Court USM-285 Process Receipt and Return [Doc. # 17]).

Torre now moves, pursuant to Federal Rule of Civil Procedure 12, to dismiss all claims against him in his individual capacity.  For the reasons stated herein, Torre's motion to dismiss [Doc. # 75] is granted in part and denied in part.

I.      Factual Background

Plaintiff's allegations arise out of a report that Torre, a detective in the New Haven Police Department, made to O'Connor, a detective with the Guilford Police Department, concerning the theft of Torre's off-duty weapon.  (Oct. 12 Compl. at 2.)  On July 1, 2009, the Plaintiff, a cable technician, installed a cable television line at Torre's residence.  *Id.*  On July 3, 2009, Torre reported the theft of his off-duty Glock pistol from his residence to the Guilford Police Department, and O'Connor investigated.  *Id.*

Torre reported to O'Connor that he had stored the weapon in its case on June 30 and had not discovered the theft until July 3.  (Application for Arrest Warrant, Ex. 1 to Mar. 3 Compl. [Doc. # 8] at 1.)  Torre told O'Connor that he had not locked the case.  (Oct. 12 Compl. at 2.)  Torre also told O'Connor that his family members did not know that the weapon was present in the house (Application for Arrest Warrant at 3), and that the only other person with access to the basement, a woman hired to clean the house, did not access the basement where the weapon was stored when she cleaned the home on July 2  (*id.*).  No evidence of burglary or forced entry was present at the home when O'Connor visited it on July 3.  (*Id.* at 3.)

O'Connor investigated Plaintiff and discovered Plaintiff's criminal history, including three prior arrests for theft or fraud.  (*Id.* at 2.)  O'Connor also interviewed Plaintiff, who confirmed that

2

on July 1 he had worked in the area where Torre stored the weapon but denied any wrongdoing. (*Id.* at 3.) Plaintiff consented to a polygraph examination, but refused to consent to a DNA examination and did not sign a statement which O'Connor prepared based on the interview. (*Id.*)

Based on Torre's account of the days leading up to the disappearance of the weapon, O'Connor's interview with Plaintiff, and Plaintiff's criminal history, O'Connor obtained a warrant for Plaintiff's arrest. (*Id.* at 4–8.) O'Connor and another officer arrested Plaintiff for theft of the firearm and criminal possession of the firearm on July 23, 2009. (Oct. 12 Compl. at 1–2.) Following his arrest, Plaintiff was incarcerated for twenty–one days. (*Id.* at 2.) The charges against Plaintiff were subsequently dismissed after fingerprint and DNA results excluded him as a suspect. *(See id.*; *see also* Dec. 3, 2009 Tr., Ex. 8 to Mar. 3 Compl. at 1:1-2:6.). On December 3, 2010, the Plaintiff filed this lawsuit, alleging, among other things, false arrest and malicious prosecution against Torre, O'Connor and others based on his July 2009 arrest and imprisonment.

Torre moved to dismiss the claims against him in his official capacity and for a more definite statement. On December 10, 2011, in a consolidated ruling, this Court (Dorsey, J.) dismissed Plaintiff's claims against Torre in his official capacity and granted the motion for a more definite statement. The Court ordered Plaintiff to file an amended complaint "stat[ing] with particularity the theories of liability [Plaintiff] asserts against Torre in his individual capacity." (Consolidated Ruling [Doc. # 73] at 7.) The Court further ordered that, "[g]iven that the Plaintiff has had numerous opportunities to state viable claims, this Court will not entertain any further motions for

a more definite statement; the Defendants must address future pleading deficiencies with motions to dismiss." (*Id.*)

On December 23, 2011, Plaintiff filed an "Amended Complaint Response to [M]ore [D]efinite [S]tatement.". (Dec. 23 Compl. [Doc. # 74] at 1.)  This pleading identified seven causes of action against Torre in his individual capacity: (1) filing a false police report in violation of Plaintiff's Fourteenth Amendment rights; (2) filing a false affidavit in violation of Plaintiff's Fourteenth Amendment rights; (3) slander; (4) false arrest; (5) entrapment; (6) abuse of police privilege; and (7) defamation. *Id.* at 1-2.  Unlike the October 12 Complaint and the several pleadings which preceded it, the December 23 Complaint did not contain any factual assertions. *Id.*

On January 4, 2012, Torre moved to dismiss the remaining claims against him.

II.     DISCUSSION[2]

   A.     *State of Pleadings*

As an initial matter, although the Plaintiff did not specifically incorporate or refer to the extensive factual allegations contained in his October 12 Complaint in the comparatively brief December 23 Complaint, the Court will consider the two pleadings together as constituting the operative complaint in this matter. In addition, because the October 12 Complaint expresses Plaintiff's intent to "add the[] amended complaint[] to our summary of events documentation," (Oct. 12 Compl. at 1), the Court considers the documents Plaintiff submitted as exhibits to his prior complaints as part of the pleadings in this matter.[3]

---

[2] The purpose of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Rule 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The district court may dismiss a claim under Rule 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." *Twombly*, 550 U.S. at 555.

[3] Plaintiff submitted a copy of O'Connor's arrest warrant application (*see generally* Application for Arrest Warrant), a document which appears to be Plaintiff's own first–person narrative of the events related to this matter which occurred between June 30, 2009 and August 18, 2009 (Pl's Narrative, Ex. 2 to Mar. 3 Compl. [Doc. # 8]), and transcripts of Plaintiff's

While the well-established rule is that an amended complaint "renders the original complaint of no legal effect," *Lucente v. Int'l. Bus. Machs. Corp.*, 310 F.3d 243, 260 (2d Cir. 2002), "unless portions of the original complaint are specifically incorporated into or referenced in the amended complaint," *Dawkins v. Williams*, 413 F. Supp. 2d 161, 164 n.3 (N.D.N.Y. 2006), it is equally the rule that "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), particularly where the *pro se* Plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).

Here, Plaintiff titled the December 23 Complaint, in part, a "Response" to this Court's order to him to "state with particularity the theories of liability [Plaintiff] asserts against Torre in his individual capacity." (Consolidated Ruling at 7.) Given the absence of the extensive factual allegations and claims against other Defendants which are otherwise present in the October 12 Complaint, it appears that the Plaintiff intended the December 23 Complaint to articulate his theories of liability, based on the factual allegations and claims in the October 12 Complaint, including the exhibits attached to prior iterations of the complaint.

Not imputing this purpose to the Plaintiff would require the conclusion that he intended to waive his claims against the other Defendants and that he meant to strip his Complaint of factual content sufficient to support his claim against Torre, which would be an unwarranted conclusion. Accordingly, in the interests of justice the Court will construe the two pleadings collectively, along with the exhibits to the prior complaints, as the operative pleadings in this matter.

---

appearances in state court in the criminal case which followed his arrest, culminating in the dismissal of charges on December 3, 2009, (*see id.* Exs. 3–8).

B.   *Motion To Dismiss*

Considering the October 12 Complaint and the December 23 Complaint, and the exhibits to earlier iterations of the complaint, and taking all facts asserted in the pleadings as true, the Court concludes that Plaintiff has stated viable claims for false arrest and malicious prosecution and denies Torre's motion with respect to those claims. The Court further concludes, however, that Plaintiff has not plausibly pleaded claims for fourteenth-amendment violations, defamation, entrapment, and abuse of police privilege, and those claims will be dismissed.

1.   False Arrest / Malicious Prosecution

Torre argues that the pleadings contain no factual content to support the theory that Torre instigated Plaintiff's arrest. Generously read and taken as true, the October 12 Complaint asserts that Torre instigated Plaintiff's arrest by providing false information to O'Connor without reasonable cause to believe that the information was true or that Plaintiff had stolen his weapon. (Oct. 12 Compl. at 1–2.) *See Pauls v. Donovan*, No. 3:04-cv-1525 (RNC), 2008 WL 207697, at *4 (D. Conn. Jan. 22, 2008) ("In Connecticut, persons reporting criminal activity may be liable for false arrest if they 'instigate' an arrest for which there is no probable cause.")*; see also Shattuck v. Town of Stratford*, 233 F. Supp. 2d 301, 314 (D. Conn. 2002).

Plaintiff alleges that Torre instigated criminal proceedings against Plaintiff when he lied to O'Connor about the timing of Plaintiff's visit to Torre's home and the disappearance of the weapon in order to implicate Plaintiff in the disappearance of the weapon, that he filed a false police report

and perjured himself in an affidavit  (Dec. 23 Compl. at 1), that criminal proceedings have terminated favorably, and that Torre was motivated by racial bias (Oct. 12 Compl. at 1-2.)

Interpreted to raise the strongest arguments they suggest (*see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2007), these allegations state a colorable claim for malicious prosecution and false arrest.  *See McHale v. W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982) ("An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice."); s*ee also Shattuck*, 233 F. Supp. 2d at 314; *Pauls*, 2008 WL 207697, at *4 ("In Connecticut, persons reporting criminal activity may be liable for false arrest if they instigate an arrest for which there is no probably cause.").  Thus, these claims survive the motion to dismiss.

### 2. Fourteenth-Amendment Violations

Because Plaintiff's claims under § 1983 for false arrest and malicious prosecution are actionable as violations of the Fourth Amendment, Plaintiff may not also bring a claim based on the same conduct for violations of the Fourteenth Amendment.[4]

"[A] claim for malicious prosecution, if brought under the Constitution, must be brought under the Fourth Amendment rather than under the substantive due process provisions of the

---

[4] Plaintiff's pleadings do not allege that other, similarly situated individuals have been treated differently, and thus do not state an equal protection claim.

Fourteenth Amendment," *Diaz-Bernal v. Myers*, 758 F. Supp. 2d 106, 133 (D. Conn. 2010) (citing *Albright v. Oliver*, 510 U.S. 266, 271–75 (1994); *Washington v. Cnty. of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004)), and "a Fourth Amendment claim of unlawful arrest does not change the harm from a Fourth Amendment to [a due process] violation when motivated by a malicious purpose." *Id.* Because Plaintiff pleads claims for false arrest and malicious prosecution against Torre based on Torre's conduct prior to Plaintiff's arrest and seeks redress for Torre's role in Plaintiff's arrest and prosecution, Plaintiff's claims against Torre fall within the ambit of the Fourth Amendment, not the Fourteenth Amendment. Plaintiff's claim based on violations of the Fourteenth Amendment is therefore dismissed.

    3.    Defamation[5]

Torre argues that Plaintiff fails to allege that Torre published false statements that harmed Plaintiff when he was not privileged to do so and therefore the Complaint fails to set forth a defamation claim. (Torre's Mot. to Dismiss at 3.) The Court agrees. The pleadings allege only that Torre reported to O'Connor that: (1) he "remembered the [cable] technician," (2) Torre's family did not know that he stored a gun in the home, and (3) no one other than his family members and

---

[5] Plaintiff asserts a separate claim for slander. (Dec. 23 Compl. at 1.) "Slander is oral defamation." *Lowe v. Shelton*, 83 Conn. App. 750, 765 (Conn. App. Ct. 2004). Accordingly, the Court considers Plaintiff's claims for slander and defamation as one claim for defamation.

Plaintiff had access to the area where he stored the weapon. (Oct. 12 Compl. at 2.) Accepting that these statements were false, none constitutes a defamatory statement because none "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *See Craig v. Stafford Constr., Inc.*, 271 Conn. 78, 84 (2004). The defamation claim is dismissed.

        4.       Entrapment

Torre argues that there is no civil cause of action for entrapment. He is correct. Entrapment is not a constitutional wrong and, therefore, not a cognizable theory of liability pursuant to 42 U.S.C. § 1983. *See DiBlasio v. City of N.Y.*, 102 F.3d 654, 656–57 (2d Cir. 1996). The Connecticut Supreme Court has never recognized a civil cause of action for entrapment, and Plaintiff cites to no authority upon which this Court could predict that the Connecticut Supreme Court would recognize such a claim. Plaintiff's claim for entrapment is dismissed.

        5.       Abuse of Police Privilege

Torre argues that he does not know what claim Plaintiff intends to assert under the heading "abuse of police privilege." The Court is equally uncertain. Plaintiff cites no authority which might shed light on the matter, nor does he offer argument as to why this claim should not be dismissed. Accordingly, Plaintiff's claim for abuse of police privilege is dismissed.

III.    CONCLUSION

For the reasons set forth above, Torre's motion to dismiss [Doc. # 75] is GRANTED as to Plaintiff's claims for violations of his Fourteenth Amendment rights, defamation, entrapment, and abuse of police privilege, and is DENIED as to Plaintiff's claims for false arrest and malicious prosecution.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of August 2012.